1    Peter S. Russ (SBN 147829)
     peter.russ@bipc.com
2    Jennifer M. Oliver (SBN 311196)
     jennifer.oliver@bipc.com
3    BUCHANAN INGERSOLL & ROONEY LLP
     One America Plaza
4    600 West Broadway, Suite 1100
     San Diego, CA 92101
5    Telephone:     619 239 8700
     Fax:            619 702 3898
6

7    Attorneys for Defendant
     Movado Group, Inc. dba Movado.com

8                 UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>   vs.<br><br>MOVADO GROUP, INC., a New York corporation dba MOVADO.COM; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No.: **'23 CV 0015 H     KSC**<br><br>**DEFENDANT MOVADO GROUP, INC.'S NOTICE OF REMOVAL**<br><br><br><br>**Removal Filed:**      **January 4, 2023**<br>**State Action Filed:**    **November 30, 2022** |

1

2

**TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ANNETTE CODY, AND HER ATTORNEYS OF RECORD:**

3

4

5

6

PLEASE TAKE NOTICE that MOVADO GROUP, INC. a New York corporation dba MOVADO.COM ("Movado" or "Defendant") removes the above-captioned action (the "Action") from the California Superior Court for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7

8

9

Defendant sets forth below "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).  Defendant will provide evidence to support contested allegations of this pleading as required in response to any challenge to this Court's jurisdiction.[1]

10

**I.      STATEMENT OF JURISDICTION**

11

12

13

14

15

1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because (a) it was filed as a putative class action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (b) at least one plaintiff is diverse from at least one defendant; Plaintiff Annette Cody and all absent class members are residents of the State of California and Defendant Movado is a New York corporation with its principal place of business in New Jersey.

16

17

2.      This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different states and the amount in controversy exceeds $75,000.

18

**II.     VENUE**

19

20

21

3.      This Action was filed in the Superior Court of the State of California for the County of San Diego, and therefore this district "embraces" the district in which the state court action was filed. 28 U.S.C. §§ 84(d), 1441(a).

22

///

23

24

25

26

27

28

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.,* 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"). As the Supreme Court has clarified, "[i]f the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee,* 135 S. Ct. at 553-554.

### III.    COMPLIANCE WITH STATUTORY REQUIREMENTS

4.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file (which consist of Plaintiff's Summons and Complaint) are attached to the Declaration of Jennifer M. Oliver as Exhibits A – C.

### A.    Service On The State Court

5.    Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court.

### B.    Pleadings, Process, And Orders

6.    On November 30, 2022, Plaintiff Annette Cody filed a class action in the Superior Court of the State of California for the County of San Diego entitled *ANNETTE CODY, individually and on behalf of all others similarly situated v. MOVADO GROUP, INC., a New York corporation dba MOVADO.COM; and DOES 1 through 10, inclusive,* Case No. 37-2022-00047956-CU-MT-CTL.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint filed in the San Diego County Superior Court is attached to the Declaration of Jennifer M. Oliver as **Exhibit A**.  The Complaint alleges two causes of action: violations of the California Invasion of Privacy Act in violation of Cal. Penal Code § 631 and 632.7.  The complaint seeks injunctive relief and declaratory judgment, as well as statutory damages, punitive damages, and attorneys' fees. (Complaint, Prayer ¶¶ 1 – 8).

7.    Service of the Summons and Complaint upon Defendant Movado was made on December 5, 2022.  (Declaration, ¶ 2.)  A true and correct copy of the Proof of Service is attached to the Declaration of Jennifer M. Oliver as **Exhibit C**.

8.    No further proceedings have occurred in the matter now pending before the San Diego County Superior Court.  (Declaration, ¶ 5.)

### C.    Removal Is Timely

9.    This removal is timely.  Service of the Summons and Plaintiff's Complaint was made on Defendant on December 5, 2022 (Declaration, ¶ 2.)  This removal is made within 30 days of the

1    service of the Action on Defendant.

2         **D.**    **No Admission**

3         10.    By filing this Notice of Removal, Defendant does not admit any liability, does not

4    concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any

5    of the relief sought in the Complaint, or any relief of any kind.

6    **IV.    ORIGINAL CLASS ACTION FAIRNESS ACT JURISDICTION PURSUANT TO**
     **28 U.S.C. § 1332(d)**

7

8         11.    This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(d)

9    because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005

10   ("CAFA") if Plaintiff had initially filed this action in federal court.  Under Section 1332, "[t]he district

11   courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds

12   the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which (A) any

13   member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member

14   of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is

15   a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant

16   is a foreign state or a citizen subject of a foreign state."

17        12.    All requirements are satisfied here because this is a class action[2] in which there is

18   complete diversity between Defendant and all named plaintiffs and absent class members, and the

19   amount in controversy exceeds $5,000,000 exclusive of interest and costs.  The proposed class is

20   estimated by Plaintiff to be "in the thousands, if not more." Complaint, ¶ 23. It thus easily exceeds

21   CAFA's requirement of at least 100 proposed class members. *See* 28 U.S.C. § 1332(d)(5)(B).

22        **A.**    **There is Complete Diversity Between Defendant and Plaintiff and Defendant**
             **and Between Defendant and Putative Absent Class Members**

23        13.    Diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a

24   State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  For diversity purposes, an individual

25   is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.* 704

26

27   ───────────────
     [2] CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar
     State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a

28   class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint states that the Plaintiff brings "this class action on her own
     behalf and on behalf of all other Californians similarly situated."  Complaint ¶ 22.

1    F.2d 1088 (9th Cir. 1983).

2        14.    Here, Plaintiff alleges that "Plaintiff is a resident of California."  Complaint ¶ 4.

3        15.    Plaintiff also pleads a class defined as "All persons within California who within the

4    statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's

5    Website using a cellular telephone, and (2) whose communications were recorded and/or

6    eavesdropped upon without prior consent."  Complaint ¶ 22.  Therefore, both named and absent class

7    members are residents of California.

8        16.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which

9    it has been incorporated and of the State where it has its principal place of business."  28 U.S.C.

10   § 1332(c)(1).  To determine a corporation's principal place of business, courts apply the "nerve

11   center" test, which deems the principal place of business to be the state in which the corporation's

12   officers direct, control, and coordinate the corporation's activities.  *See Hertz Corp. v. Friend,* 130

13   S.Ct. 1181, 1192 (2010).  A corporation's principal place of business will typically be where the

14   corporation maintains its headquarters. *Id.*

15       17.    "Movado Group, Inc." is a corporation organized and existing under the laws of the

16   state of New York. Declaration ¶ 8. Its principal place of business, executive, administrative, and

17   financial offices are located in Paramus, New Jersey. *Id.* Additionally, the vast majority of Movado

18   corporate decisions – including operational, executive, administrative, and policymaking decisions –

19   are made at the New Jersey headquarters. *Id.* Accordingly, Defendant Movado is a citizen of New

20   York (incorporated) and New Jersey (principal place of business).  It was not a citizen of California

21   at the time the State Court Action was filed and is not a citizen of California now.

22       18.    The citizenship of the Doe Defendants should be disregarded for diversity purposes.

23   Plaintiff's Complaint names as Defendants "Does 1-10."  Pursuant to 28 U.S.C. § 1441(a), the

24   citizenship of defendants sued under fictitious names must be disregarded for the purpose of

25   determining diversity jurisdiction.  Further, to Defendant's knowledge, no fictious defendant has been

26   served, and therefore, none need join in the Notice of Removal.  *See Salveson v. W. States Bankcard*

27   *Assoc.,* 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be

28   joined; the defendants summoned can remove by themselves."), superseded by statute on other

1   grounds in *Ethridge v. Harbor House Rest.* 861 F.2d 1389, 1392 n.3 (9th Cir. 1988).

2       **B.**    <u>**The Amount In Controversy Exceeds $5,000,000**</u>

3       19.    The jurisdictional element of amount in controversy concerns "what amount is put 'in

4   controversy' by the plaintiff's complaint, not what a defendant will actually owe." *See Korn v. Polo*

5   *Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (*quoting Rippee v. Boston Market*

6   *Corp.,* 408 F. Supp. 2d 982, 986(S.D. Cal. 2005)). "In measuring the amount in controversy, 'a court

7   must assume that the allegations of the complaint are true and assume that a jury will return a verdict

8   for the plaintiff on all claims made in the complaint.'" *Korn*, 536 F. Supp. 2d at 1205 (quoting

9   *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2nd 993, 1001 (C.D. Cal.

10   2002)). It includes potential general and special damages, and penalties, as well as attorney's fees if

11   recoverable by statute or contract. *See, e.g.*, *Richmond v. Allstate Ins. Co.* 897 F. Supp. 447, 449-450

12   (S.D. Cal. 1995) and *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

13       20.    "[D]efendants do not need to prove to a legal certainty that the amount in controversy

14   requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional

15   threshold has been met." *Patel v. Nike Retail Services, Inc.* 58 F. Supp. 3d 1032, 1037 (N.D. Cal.

16   2014) (quoting H.R. REP. 112–10, 15–16, 2011 U.S.C.C.A.N. 576, 580) (internal quotation omitted).

17       21.    If a plaintiff's state court complaint is silent as to the amount of damages claimed, the

18   removing defendant need only establish that it is more probable than not that the plaintiff's claim

19   exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th

20   Cir. 1996), *amended by, rehearing en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996). Moreover,

21   all claims can be aggregated to meet the minimum jurisdictional amount. *See Bank of Calif. v. Twin*

22   *Harbors Lumber Co.* 465 F.2d 489, 491(9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d

23   Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but

24   rather by reasonable reading of the value of the rights being litigated"). Defendants need only

25   plausibly allege that the amount in controversy exceeds the threshold. *Id.* at 553 ("The defendant's

26   amount-in controversy allegation should be accepted when not contested by the plaintiff or questioned

27   by the court.").

28       22.    Economic damages (including statutory damages), non-economic damages, general

1   damages, attorney's fees and costs, and punitive damages are all included in determining the amount

2   in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.* 75 F.3d 311, 315 (7th Cir. 1996) (finding

3   prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS*

4   *Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (finding prayer for attorney's fees included in

5   determining the amount in controversy where potentially recoverable by statute). The Court may

6   examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards

7   in similar cases. *See, e.g., Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002)

8   (noting that attorney's fees often exceed damages). Furthermore, such fees are calculable beyond the

9   time of removal. *Id.*

10          23.     Here, the amount in controversy exceeds $5,000,000. Although, the Complaint does

11   not include a specific *ad damnum,* the damages sought will exceed $5,000,000. Plaintiff's Complaint

12   sets forth two causes of actions and alleges statutory damages, attorneys' fees (Complaint, Prayer ¶¶ 1

13   – 8), and punitive damages. Complaint, Prayer ¶ 6.

14                 (a)     Plaintiff alleges that Movado "(1) secretly wiretaps the private conversations

15   of everyone who communicates through the chat feature at www.movado.com (the "Website"); and

16   (2) allows at least one third party to eavesdrop on such communications in real time and during

17   transmission to harvest data for financial gain" in corporation of California's wiretapping laws.

18   Plaintiff thus alleges that she is entitled to statutory damages. Complaint, Prayer, ¶ 5. The Complaint

19   alleges "class members in the thousands, if not more" and seeks statutory damages. Complaint, ¶ 23.

20   The California wiretapping laws provide for statutory damages of up to $5,000 per violation. Cal.

21   Penal Code § 637.2. Therefore, even a class of 1,000 persons could exceed $5,000,000 in maximum

22   statutory damages alone if each class member constitutes a separate violation (1,000 x $5,000 -

23   $5,000,000).

24                 (b)     Additionally, Plaintiff seeks attorneys' fees. Complaint, Prayer ¶ 7. The Ninth

25   Circuit has held that "the amount in controversy includes all relief claimed at the time of removal to

26   which the plaintiff would be entitled if he prevails." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d

27   413, 418 (9th Cir. 2018). This amount includes future attorneys' fees. *See Fritsch v. Swift Transp.*

28   *Co. of Ariz., LLC* (9th Cir. 2018) 899 F.3d 785, 794 ("there is no question that future [attorney's fees]

are 'at stake' in the litigation); *see also Schneider v. Ford Motor Co.,* 759 Fed. Appx. 699, 701 n. 4 (9th Cir. 2018). In determining the amount in controversy, the Court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail on her claims. *See Brady v. Mercedes-Benz USA, Inc.* 243 F. Supp. 2d 1004, 1010-11(N.D. Cal. 2002). At an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in attorneys' fees alone (250 x $300 = $75,000). Thus, the claimed attorneys' fees award in this case could easily reach or exceed $75,000.

(c)    Plaintiff also seeks to recover punitive damages. Complaint, Prayer ¶ 6. The potential punitive damages award in this case may satisfy the amount in controversy. *Davenport v. Mut. Ben. Health & Acc. Ass'n,* 325 F. 2d 785, 787 (9th Cir. 1963).

24.    Adding together Plaintiff's potential statutory damages, potential punitive damages, and potential attorneys' fees, the amount in controversy here easily exceeds $5,000,000, exclusive of interest and costs. Complaint, Prayer ¶¶ 1 – 8.

**C.    None of CAFA's Exceptions Bar Removal**

25.    This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d). Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because all the proposed class members are citizens of California, and Movado is a citizen of New Jersey and New York, not California.

26.    Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (limiting § 1332(d)(2) to cases arising under several sections of the Securities Act of 1933, several sections of the Securities

Exchange Act of 1934, and certain state corporate governance laws). Plaintiff's claim does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric corporate governance issues.

**V.    ORIGINAL DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

27.    This Court also has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a).  Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a)(1).

28.    Both requirements are satisfied here because, as explained above, complete diversity of citizenship exists between all Plaintiffs and Defendants, and Plaintiff's contentions place a sum well in excess of $75,000 in controversy, exclusive of interest and costs. Accordingly, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of San Diego.

DATED:  January 4, 2023                    BUCHANAN INGERSOLL & ROONEY LLP


                                           By:  /s/ Jennifer M. Oliver
                                                Peter Russ
                                                Jennifer M. Oliver
                                                Attorneys for Defendant
                                                Movado Group, Inc. dba Movado.com

8