# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff(s),<br><br>v.<br><br>MOVADO GROUP, Inc., a New York corporation dba MOVADO.COM; and DOES 1 through 10, inclusive,<br><br>                              Defendant(s). | Case No.: 3:23-cv-00015-H-KSC<br><br>**ORDER REGARDING PLAINTIFF'S VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i)**<br><br>[Doc. No. 10.] |

On November 30, 2022, Plaintiff Annette Cody, individually and on behalf of all others similarly situated, filed a complaint against Defendant Movado Group, Inc. ("Movado") in the Superior Court of California, County of San Diego. (Doc. No. 1-4.) On January 4, 2023, Movado removed the case to the United States District Court, Southern District of California. (Doc. No. 1.) On February 21, 2023, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 10.) The notice requested that Plaintiff's individual claims be dismissed with prejudice and the putative class claims be dismissed without prejudice. (Id.)

Rule 41(a)(1)(A)(i) permits a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal so long as the opposing party has not served an

answer or a motion for summary judgment.[1]  See Fed. R. Civ. P. 41(a)(1)(A)(i).  Here, Movado has not served an answer or a motion for summary judgment in this action.  As such, the Court dismisses Plaintiff's individual claims with prejudice and dismisses the putative class claims without prejudice.  Movado's motion to dismiss (Doc. No. 5) and the parties' joint motion for an extension of time to file a reply (Doc. No. 9) are denied as moot.  The Court instructs the Clerk of Court to close the case.  Each party will bear its own attorney's fees and costs.

**IT IS SO ORDERED.**

DATED:  February 22, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1]  A dismissal under Rule 41(a) is subject to Federal Rule of Civil Procedure 23(e).  See Fed. R. Civ. P. 41(a).  Rule 23(e) provides: "The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. Civ. P. 23(e).  Because no class has been certified in this case or is proposed to be certified as part of Plaintiff's voluntary dismissal, Rule 23(e) does not apply to Plaintiff's request to dismiss the action.  See Lee v. CVS Pharmacy, Inc., No. 320CV01923BENDEB, 2021 WL 308283, at *3 (S.D. Cal. Jan. 28, 2021); Hall v. W. Ref. Retail, LLC, No. 519CV00855VAPSKX, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021); see also Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."); but see Albers v. Yarbrough World Sols., LLC, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("The Ninth Circuit has held that Rule 23(e) also applies before certification, but in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'" (quoting Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989)).